UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

| | | |
|---|---|---|
| Cafe Copium LLC,<br>DBA COCAINA CUBANA<br>Plaintiff | §<br>§<br>§ | |
| | § | CIVIL ACTION ___________________ |
| v.<br>Vibeworks Inc.<br>DBA COCAINE COFFEE<br>Defendant. | §<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT**

Plaintiff Cafe Copium LLC ("COCAINA CUBANA") doing business as Cocaina Cubana files this Original Complaint seeking a judgment and injunctive relief against Defendant Vibeworks Inc. ("COCAINE COFFEE"), doing business as Cocaine Coffee for trademark infringement, unfair competition and common law trademark infringement, in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq., and for trademark infringement, unfair competition, and dilution under the laws of the State of Florida.

**PARTIES**

1. Cafe Copium LLC is a Florida limited liability company having its principal place of business at 314 Duval St., Key West, FL 33040-3527.

2. Defendant Vibeworks Inc. is a Delaware corporation having a principal place of business at 16006 Amberly Dr, Tampa Florida 33647.

3. Defendant may be served through its registered agent United States Corporation Agents, Inc. 131 Continental Drive, Suite 305, Newark, DE 19713, telephone, 302-777-0538.

## JURISDICTION AND VENUE

4. Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to trademarks and service marks).

5. This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over the Defendant because it states on its website that it "currently ship(s) throughout the United States" and actively does business in the State of Florida and in Key West, Florida.

7. Venue is properly found in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant may be found in this District, and a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred, or a substantial part of property that is the subject of the action is situated in the Southern District of Florida, Key West Division.

8. Jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1338 and 1367, and 15 U.S.C. §§ 1116 and 1121.

9. The suit is based on a federal question and statute, namely 15 U.S.C. § 1051 et seq.

10. Venue is proper in the Southern District of Florida, Key West Division pursuant to 28 U.S.C. §§ 1391(b).

11. Plaintiff resides in and has its principal place of business and is actively doing business in commerce throughout Florida including the Southern District of Florida

and Key West, Florida by advertising, marketing, and selling its COCAINA CUBANA branded products through Plaintiff's interactive online store at https://cafesdecuba.com/collections/all.

12. Defendant is actively doing business in commerce throughout Florida including the Southern District of Florida and Key West, Florida by advertising, marketing, and selling its COCAINE COFFEE through Defendant's interactive online store at https://www.cocainecoffee.com.

13. The injuries to Plaintiff and infringement of Plaintiff's COCAINA CUBANA trademarks and service marks by COCAINE COFFEE branded products are occurring in the Southern District of Florida and Key West, Florida.

14. Furthermore, a substantial portion of the events giving rise to the causes of action described herein occurred in the Southern District of Florida and Key West, Florida, and the acts complained of are occurring in the Southern District of Florida and Key West, Florida.

## BACKGROUND

15. Plaintiff COCAINA CUBANA is a Florida Company that sells coffee under the trademark COCAINA CUBANA.

16. Plaintiff COCAINA CUBANA has a website at https://cafesdecuba.com which advertises its goods and services and sells them on its online store throughout the state of Florida.

17. Plaintiff COCAINA CUBANA is the first to adopt and use COCAINA and COCAINA CUBANA for coffee in 2022 (hereinafter collectively referred to as "COCAINA CUBANA marks."

18. Plaintiff COCAINA CUBANA is the first to adopt and use COCAINA and COCAINA CUBANA for coffee” in Key West, Miami, Fort Lauderdale, West Palm Beach, Fort Pierce, Fort Myers, and Tampa since as least as early as 2022.

19. Consumers commonly refer to Plaintiff COCAINA CUBANA as COCAINE coffee.

20. COCAINA CUBANA has acquired common law trademark and service mark rights in its COCAINA and COCAINA CUBANA names and marks.

21. The COCAINA CUBANA registrations and COCAINA and COCAINA CUBANA common law trademarks and service marks are collectively referred to as the COCAINA CUBANA marks.

22. The COCAINA CUBANA marks are famous marks in Florida.

23. Defendant Vibeworks, Inc. was incorporated in Delaware on April 29, 2025, as a domestic and general corporation.

24. Long after COCAINA CUBANA began using and registered its COCAINA CUBANA Marks, Defendant started selling goods and advertising under the name COCAINE COFFEE and COCAINE FOR COFFEE.

25. Long after COCAINA CUBANA began using and registered its COCAINA CUBANA marks, Defendant began advertising its COCAINE COFFEE goods using facsimiles of Plaintiffs’ COCAINA and COCAINA CUBANA marks.

26. Plaintiff COCAINA CUBANA is the owner of U.S. trademark registration No. 7,063,675, granted May 23, 2023, for COCAINA CUBANA in IC 030 for: coffee; coffee beans; ground coffee beans; roasted coffee beans.

27. Plaintiff COCAINA CUBANA is the owner of U.S. trademark registration No. 7,280,766, granted January 16, 2024, for COCAINA CUBANA in IC 025 for: baseball caps and t-shirts.

28. Defendant COCAINE COFFEE is the owner of pending intent to use U.S. trademark application serial No. 99249934, filed June 24, 2025, for COCAINE COFFEE for in IC 021: Drinkware for; Mugs and IC 025 for: Tops as clothing; Headwear, and IC 030 for: Coffee; Coffee based beverages; Coffee beans.

29. Defendant COCAINE COFFEE is the owner of pending U.S. trademark application serial No. 99732323, filed March 30, 2026, for COCAINE FOR COFFEE: IC 036: Charitable fundraising services; Charitable fundraising; Charitable fundraising to support coffee growing communities and farmers in Colombia" and alleging First Use Anywhere: December 08, 2025, and First Use in Commerce: December 08, 2025.

30. Defendant has advertised COCAINE COFFEE on its FaceBook pages at https://www.facebook.com/profile.php?id=61582332312870 and https://www.facebook.com/profile.php?id=61584976571366 beginning on December 16, 2025.

31. Defendant has advertised COCAINE COFFEE on its X page at https://x.com/cocainecoffee beginning in 2026.

32. Defendant has advertised COCAINE COFFEE on its Instagram page at https://www.instagram.com/realcocacoffee/ beginning in 2026.

33. Defendant has advertised COCAINE COFFEE on its TIKTOK page at https://www.tiktok.com/@cocainecoffeeco beginning in December 2025.

34. Defendant has advertised COCAINE COFFEE and COCAINE FOR COFFEE on its web page at https://www.cocainecoffee.com/ beginning in 2026.

35. Defendant marks COCAINE COFFEE and COCAINE FOR COFFEE are facsimiles of and likely to cause confusion, mistake, or deception with Plaintiff's COCAINA and COCAINA CUBANA marks.

36. Defendant is using facsimiles of Plaintiff's COCAINA and COCAINA CUBANA marks in advertising its goods to the public.

37. Defendant's use of facsimiles of Plaintiff's COCAINA and COCAINA CUBANA marks in advertising its goods to the public is not a fair use.

38. Defendant's goods are being offered in a manner to directly associate its services with facsimiles of Plaintiff's COCAINA and COCAINA CUBANA marks.

39. Defendant is advertising its services on its web site's description meta-tags using facsimiles of the marks used by and registered to COCAINA CUBANA.

40. Defendant has used facsimiles of Plaintiff's COCAINA and COCAINA CUBANA marks and which induces its customers to think there is an association or connection or sponsorship with COCAINA CUBANA.

41. Defendant claims that it is a charity and does "fundraising to support coffee growing communities and farmers in Colombia."

42. Defendant is not a nonprofit entity or a 501(c)(3) corporation and donations to it are not tax deductible by any donors.

43. A "nonprofit" is a broad, state-level legal entity formed for a public or mutual benefit. State-level nonprofit status prevents you from distributing profits, but it does not

automatically exempt you from paying federal income taxes, nor can you offer tax deductions to your donors.

44. A "501(c)(3)" is a specific federal tax designation granted by the IRS that allows the organization to receive tax-deductible donations. These organizations are exempt from federal income taxes and are the only type of nonprofit that can offer their donors tax-deductible contributions.

45. Defendant is not a nonprofit or charity and cannot legally operate as such.

46. Examples of the Defendant’s infringing use are:




47. Defendant offers "COCAINE COFFEE" events that are not sponsored, endorsed, or authorized by COCAINA CUBANA.

48. Defendant uses a colorable imitation of the registered COCAINA CUBANA mark on its web site, both in its Meta tag descriptions and on the page itself.

49. Defendant has engaged in unfair competition, trademark infringement, and dilution.

50. Plaintiff's COCAINA CUBANA Marks are inherently distinctive and have acquired distinctiveness.

51. Plaintiff's COCAINA CUBANA Marks are strong marks.

52. Defendant's use facsimiles of Plaintiff's COCAINA CUBANA marks, and the use of that mark by Defendant will reduce the capacity of COCAINA CUBANA to serve as a unique identifier of Plaintiff's goods.

**COUNT I - FEDERAL TRADEMARK INFRINGEMENT**

53. The foregoing paragraphs are incorporated herein by reference.

54. Defendant has knowingly used in commerce a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered COCAINA CUBANA trademarks and service marks without the consent of Plaintiff.

55. Defendant's use in commerce of facsimiles of COCAINA CUBANA's marks has been in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods.

56. Defendant's use in commerce of facsimiles of COCAINA CUBANA's marks is likely to cause confusion of consumers, or to cause mistake, or to deceive consumers desiring to purchase genuine COCAINA CUBANA brand goods or services regarding the source and quality or sponsorship of the goods or services.

57. Defendant's use in commerce of facsimiles of COCAINA CUBANA's mark is a violation of 15 U.S.C. § 1051, et seq.

58. Defendant's use in commerce of facsimiles of COCAINA CUBANA's mark will cause confusion, mistake, and deception.

59. Defendant has used COCAINA CUBANA's marks in commerce with the knowledge and intent that such use cause confusion, mistake, and deception to the purchasing public.

60. Pursuant to 15 U.S.C. § 1116(a), Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Defendant's continuing use in commerce of facsimiles of COCAINA CUBANA's marks.

61. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to damages for Defendant's use in commerce of facsimiles of COCAINA CUBANA's marks, an accounting of profits made by Defendant, and recovery of Plaintiff's costs of this action.

62. The intentional use of COCAINA CUBANA's marks by Defendant makes this an exceptional case entitling Plaintiff to an award of three times its actual damages and recovery of its reasonable attorneys' fees.

63. Plaintiff is also entitled to prejudgment interest on its recovery.

**COUNT II - FEDERAL FALSE DESIGNATION OF ORIGIN OR SOURCE**

64. The foregoing paragraphs are incorporated herein by reference.

65. Defendant's unfair competition with COCAINA CUBANA entitles Plaintiff to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.

66. Defendant's acts of unfair competition are irreparably injuring COCAINA CUBANA's goodwill and eroding COCAINA CUBANA's exclusive right to use its COCAINA CUBANA Marks for coffee, and unless enjoined by this Court, will continue to do so.

67. Pursuant to 15 U.S.C. § 1116(a), COCAINA CUBANA is entitled to preliminary and permanent injunctive relief to prevent Defendant's continuing acts of unfair competition.

68. COCAINA CUBANA's marks are distinctive and indicate to consumers that COCAINA CUBANA brand goods originate from a sole source.

69. Defendant's use of COCAINA CUBANA's marks is likely to cause confusion, or to cause mistake, or to deceive as to the origin or source of Defendant's goods.

70. Defendant's use in commerce of facsimiles of COCAINA CUBANA's marks is likely to cause consumers to believe that COCAINA CUBANA's and Defendant's goods come from the same origin or source, or that COCAINA CUBANA sponsors or approves the goods of Defendant, or that COCAINA CUBANA and Defendant is somehow affiliated, connected or associated with one another when in fact they are not.

71. Defendant's use in commerce of facsimiles of COCAINA CUBANA's marks are injuring the goodwill of COCAINA CUBANA.

72. The actions of Defendant constitute a violation of the federal Lanham Act, 15 U.S.C. § 1125.

73. Pursuant to 15 U.S.C. § 1117, COCAINA CUBANA is entitled to damages for Defendant's violations, an accounting of profits made by Defendant on sales of its goods, and recovery of COCAINA CUBANA's costs of this action.

74. Defendant has infringed COCAINA CUBANA's marks, and its actions have been calculated to confuse, mislead, or deceive consumers, and to injure the goodwill of COCAINA CUBANA.

75. The acts of Defendant make this an exceptional case pursuant to 15 U.S.C. § 1117(a).

76. Defendant's infringement of COCAINA CUBANA's marks is irreparably injuring COCAINA CUBANA's goodwill and eroding COCAINA CUBANA's exclusive right to use its COCAINA CUBANA Marks for coffee, and unless enjoined by this Court, will continue to do so.

77. Pursuant to 15 U.S.C. § 1116, COCAINA CUBANA is entitled to preliminary and permanent injunctive relief to prevent Defendant's continuing trademark infringement.

**COUNT III - FLORIDA LAW UNFAIR COMPETITION AND COMMON LAW TRADEMARK INFRINGEMENT**

78. The foregoing paragraphs are incorporated herein by reference.

79. Defendant's acts constitute unfair competition and common law trademark infringement under the laws of the State of Florida including Florida Deceptive and Unfair Trade Practices Act (FDUTPA), § 501.201, Fla. Stat. (2025).

80. Plaintiff's and Defendant's trade territories, businesses and use of their marks overlap with each other.

81. Defendant's acts of unfair competition and common law trademark infringement allow COCAINA CUBANA to recover actual damages (lost profits, lost goodwill, and corrective advertising costs), a reasonable royalty, the infringer's profits under an unjust enrichment theory, and in egregious cases, punitive damages, and attorney's fees.

82. Defendant's acts of unfair competition and common law trademark infringement are irreparably injuring COCAINA CUBANA's goodwill and eroding COCAINA CUBANA's exclusive right to use its COCAINA CUBANA Marks for its goods and services, and unless enjoined by this Court, will continue to do so.

83. Further, COCAINA CUBANA does not have an adequate legal remedy in the event that money damages cannot properly be calculated.

84. Under the laws of the State of Florida, COCAINA CUBANA is entitled to preliminary and permanent injunctive relief to prevent Defendant's continuing acts of unfair competition and common law trademark infringement.

**TRADEMARK DILUTION UNDER FLORIDA LAW**

85. The foregoing paragraphs are incorporated herein by reference.

86. COCAINA CUBANA's famous COCAINA CUBANA Marks are distinctive in Florida because of COCAINA CUBANA's promotion of said marks and services associated with said marks.

87. Defendant's use of COCAINA CUBANA's marks is likely to dilute the distinctive quality of COCAINA CUBANA's marks or injure COCAINA CUBANA's business reputation through blurring and tarnishment.

88. The actions of Defendant constitute trademark dilution in violation of Florida law Fla. Stat. Ann. § 495.151 (2025).

89. Said trademark dilution is irreparably injuring the goodwill and business reputation of COCAINA CUBANA and its high-quality goods, and unless enjoined by this Court, will continue to do so.

90. Further, COCAINA CUBANA may not have an adequate legal remedy in the event that money damages cannot properly be calculated.

91. Pursuant to Fla. Stat. Ann. § 495.151, COCAINA CUBANA is entitled to preliminary and permanent injunctive relief to prevent Defendant's continuing dilution of COCAINA CUBANA's marks.

## DENIAL OF FEDERAL TRADEMARK APPLICATIONS

92. The foregoing paragraphs are incorporated herein by reference.

93. In any action involving a registered mark, the Court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore cancelled registrations, and otherwise rectify the register with respect to the registrations of any party to the action.

94. Plaintiff is the first user of the trademark COCAINA and COCAINA CUBANA for its goods and services.

95. Defendant first used COCAINE COFFEE and COCAINE FOR COFFEE long after Plaintiff's first use of COCAINA and COCAINA CUBANA.

96. Plaintiff is harmed by the registration of the infringing COCAINE COFFEE and COCAINE FOR COFFEE marks.

97. Defendant's COCAINE COFFEE registration should be denied under 15 U.S.C. § 1119 pursuant to the final order of the court in an action involving the Defendant's trademark applications.

## NOTICE OF LITIGATION HOLD REQUIREMENT

98. Defendant is hereby notified that it is legally obligated to locate, preserve, and maintain all records, notes, drawings, documents, data, communications, materials, electronic recordings, audio/video/photographic recordings, and digital files, including edited and unedited or "raw" source material, and other information and tangible things that Defendant know, or reasonably should know, may be relevant to actual or potential claims, Claims, defenses, and/or damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereinafter collectively referred to as "Potential Evidence").

99. As used above, the phrase "electronically stored information" includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts, revisions, and active or deleted word processing documents), instant messages, audio recordings and files, video footage and files, audio files, photographic footage and files, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received, or maintained on any and all electronic and/or digital forms, sources and media, including, without limitation, any and all hard disks, removable media, peripheral computer or electronic storage devices, laptop computers, mobile phones, personal data

assistant devices, Blackberry devices, iPhones, Android-based smart phones, Windows-based smart phones, video cameras and still cameras, and any and all other locations where electronic data is stored. These sources may also include any personal electronic, digital, and storage devices of all of Defendant's agents or employees if Defendant's electronically stored information resides there.

100. Defendant is hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Defendant's claims and/or defenses. To avoid such a result, Defendant's preservation duties include, but are not limited to, the requirement that Defendant immediately notify its agents and employees to halt and/or supervise the auto-delete functions of Defendant's electronic systems and refrain from deleting Potential Evidence, either manually or through a policy of periodic deletion.

## **JURY DEMAND**

101. PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

## **PRAYER**

WHEREFORE, Plaintiff prays that:

A. Pursuant to 15 U.S.C. § 1116 and the laws of the State of Florida, Defendant, its officers, agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert or active participation with them, be preliminarily and permanently enjoined from:

1. Directly or indirectly distributing, advertising, marketing, or selling (a) Defendant's goods and services using COCAINE COFFEE and COCAINE

FOR COFFEE in any fashion which would state, imply, or suggest that it is COCAINA or COCAINA CUBANA goods or services or are associated with or come from the same source as the COCAINA CUBANA Marks;

2. Inducing or enabling others to directly or indirectly distribute, advertise, market, or sell one or more infringing goods under COCAINA CUBANA's marks;

3. Making or inducing others to make any false, misleading or deceptive statement of fact, or representation of fact in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of one or more infringing goods in such fashion as to suggest that such infringing goods is connected with or associated with or sponsored by Plaintiff's genuine COCAINA CUBANA coffee;

B. Defendant be adjudged to have infringed and copied Plaintiff's registered and to have distributed, marketed, advertised and/or sold infringing goods, and caused dilution and be required to pay Plaintiff:

1. Its actual damages and any profits of Defendant resulting from said infringement;

2. Three times the actual damages of Plaintiff resulting from said infringement;

3. Its reasonable attorney fees;

4. Its costs and expenses; and

5. Pre-judgment interest;

C. Defendant, jointly and severally, be adjudged to have engaged in unfair competition and common law trademark infringement with Plaintiff and be required to pay Plaintiff:

1. Its actual damages and any profits of Defendant resulting from common law trademark infringement and other acts of unfair competition;
2. Its reasonable attorney fees;
3. Its costs and expenses; and
4. Pre-judgment interest;

D. Plaintiff be granted such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any goods manufactured, sold, distributed, marketed, or otherwise circulated or promoted by Defendant is authorized by Plaintiff or in any way related to Plaintiff or its genuine COCAINA CUBANA goods and services; and

E. Pursuant to 15 U.S.C. § 1116, Defendant, its officers, agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert or active participation with them, be preliminarily and permanently enjoined from:

1. Directly or indirectly falsely designating the origin of Defendant’s goods;
2. Inducing others to directly or indirectly falsely designate the origin of Defendant’s goods;
3. Making or inducing others to make any false, misleading or deceptive statement of fact, or representation of fact in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production,

circulation or distribution of Defendant's goods as to the origin or source of Defendant's goods so as to cause consumers to believe that Plaintiff's genuine COCAINA and COCAINA CUBANA goods come from the same origin or source, or that Plaintiff sponsors or approves Defendant's goods, or that Plaintiff and Defendant is somehow affiliated, connected or associated with one another;

F. Defendant be adjudged to have falsely designated the origin of, and induced others to have falsely designated the origin of Defendant's goods and be required to pay, jointly and severally, Plaintiff:

1. Its actual damages and any profits of Defendant resulting from said false designation of origin, pursuant to 15 U.S.C. § 1117(a);
2. Three times the actual damages of Plaintiff resulting from said false designation of origin, pursuant to 15 U.S.C. § 1117(a) and (b);
3. Its reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a);
4. Its costs and expenses; and
5. Pre-judgment interest;

G. Defendant be ordered to deliver up for destruction all products, labels, signs, plates, packages, dies, wrappers, receptacles and advertisements in its possession or under its control, bearing any words, terms, names, symbols, devices, or any combination thereof, which: simulate, reproduce, counterfeit, copy or imitate Plaintiff's marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such service or product in any way to

Plaintiff; or otherwise misrepresent the source or origin of Defendant's goods; and all plates, molds, matrices and other means of making the same.

H. Plaintiff be granted such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression concerning the source or origin of Defendant's goods;

I. Defendant be ordered to take corrective action to correct any erroneous impression the public may have derived concerning the source or origin of Defendant's goods, including without limitation the placement of corrective advertising;

J. Plaintiff be granted such other relief as the Court may deem appropriate to correct any erroneous impression the public may have derived concerning the source or origin of Defendant's goods and services;

K. Pursuant to the laws of the State of Florida, Defendant, its officers, agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert or active participation with them, be preliminarily and permanently enjoined from:

1. Directly or indirectly diluting the distinctive quality of Plaintiff's COCAINA CUBANA trademarks and service marks by blurring and tarnishment;
2. Inducing others to directly or indirectly diluting the distinctive quality of Plaintiff's marks;
3. Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of

its COCAINA CUBANA goods in such fashion as to dilute the distinctive quality of Plaintiff's marks;

4. Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any product in such fashion as to dilute the distinctive quality of Plaintiff's marks;

5. Imitating, copying, or making unauthorized use of Plaintiff's marks;

6. Manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of Plaintiff's mark; and

L. Defendant be adjudged to have caused dilution of Plaintiff's marks; and be required to pay Plaintiff:

1. Its actual damages and any profits of Defendant resulting from said dilution,

2. Its costs and expenses; and

3. Pre-judgment interest;

M. Deny Defendant's federal trademark applications.

N. Defendant be ordered to deliver up for destruction all products, labels, signs, plates, packages, dies, wrappers, receptacles and advertisements in its possession or under its control, bearing any words, terms, names, symbols, devices, or any combination thereof, which are similar to, or dilute the distinctive quality of Plaintiff's marks and all plates, molds, matrices and other means of making the same.

O. Plaintiff be awarded such other relief as the Court deems just and equitable.

Respectfully submitted this 18th day of August, 2026.

/s/ Ashley N. Sybesma
ASHLEY N. SYBESMA
Florida Bar No. 0022059
Email: Ashley@TheSmithLawFirm.com
Email: TSLF@TheSmithLawFirm.com
THE SMITH LAW FIRM,
a professional association
509 Whitehead Street
Key West, Florida 33040
T: (305) 296-0029
F: (305) 296-9172

Attorneys for Plaintiff,
Cafe Copium LLC,
DBA COCAINA CUBANA

Co-Counsel / Proposed Pro Hac Vice Counsel for Plaintiff:

Charles W. Hanor
Hanor Law Firm PC
750 Rittiman Road
San Antonio, TX 78209
210-829-2002 Direct
210-842-9500 Mobile
chanor@hanor.com